UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD YOUNG,<br>CDCR #F-44590,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>LARRY SMALLS, et al.,<br><br>　　　　　　　　　　　Defendants. | Civil No.　　09-2545 DMS (JMA)<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(20 & 1915A(b)** |

I.

**PROCEDURAL HISTORY**

On November 10, 2009, Howard Young ("Plaintiff"), a state prisoner currently incarcerated at Kern Valley State Prison located in Delano, California, and proceeding in pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court issued an Order on January 19, 2010 dismissing Plaintiff's Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). The Plaintiff was notified of the deficiencies of pleading and provided an opportunity to file a First Amended Complaint. However, on that same day, Plaintiff filed his First Amended Complaint [Doc. No. 12].

Because Plaintiff could not have received the Court's Order in time to correct the problems the Court identified in his previous pleading, the Court dismissed Plaintiff's First Amended Complaint and gave him leave to file a Second Amended Complaint. On April 5, 2010, Plaintiff filed his Second Amended Complaint ("SAC") [Doc. No. 21].

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court stated in its previous Order, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, in giving liberal interpretation to a pro se civil rights complaint, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

**A. 42 U.S.C. § 1983 Liability**

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S. Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

*2. Fourteenth Amendment Due Process Claims*

In his Second Amended Complaint, Plaintiff alleges his due process rights were violated when he was placed in Administrative Segregation ("Ad-Seg"). "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). However, the Supreme Court has significantly limited the instances in which due process can be invoked. Pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

In *Sandin*, the Supreme Court considered three factors in determining whether the plaintiff possessed a liberty interest in avoiding disciplinary segregation: (1) the disciplinary versus discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement and whether they amounted to a "major disruption in his environment" when compared to those shared by prisoners in the general population; and (3) the possibility of whether the prisoner's sentence was lengthened by his restricted custody. *Id.* at 486-87.

Therefore, to establish a due process violation, Plaintiff must first show the deprivation imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 483-84. Plaintiff must allege "a dramatic departure from the

basic conditions" of his confinement that would give rise to a liberty interest before he can claim a violation of due process. *Id.* at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998). Here, Plaintiff alleges that while he was housed in Ad-Seg, he was denied outdoor exercise for a period of nine months, was kept in a cell that contained wastewater which caused him to contract an infection, and his cell lights remained on twenty four (24) hours a day. Based on these allegations, the Court finds that Plaintiff has alleged facts sufficient to allege a liberty interest in remaining free of ad-seg. *Sandin*, 515 U.S. at 486.

Even if Plaintiff is able to establish a liberty interest, his allegations fail to state a claim for denial of procedural due process regarding the disciplinary proceedings because they do not satisfy the standards set forth in *Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974). Under *Wolff*, a prisoner facing a disciplinary hearing are entitled to: (1) written notice of the charges at least 24 hours in advance of the hearing; (2) a written statement indicating upon what evidence the fact finders relied and the reasons for the disciplinary action; (3) the opportunity to call witnesses and present documentary evidence when doing so will not be unduly hazardous to institutional safety or correctional goals; and (4) an impartial fact finder. *Wolff*, 418 U.S. at 564-71. Plaintiff does not allege that he was denied any of the factors as set forth in *Wolff*.

Accordingly, Plaintiff's due process claims under the Fourteenth Amendment are dismissed for failing to state a claim upon which relief can be granted.

### 2. *Property Claims*

Plaintiff also alleges that prison officials confiscated his television while he was at Calipatria State Prison. *See* SAC at 11. Where a prisoner alleges the deprivation of a liberty or property interest caused by the unauthorized negligent or intentional action of a prison official, the prisoner cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The California Tort Claims Act ("CTCA") provides an adequate post-deprivation state remedy for the random and unauthorized taking of property. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994).

Thus, Plaintiff has an adequate state post-deprivation remedy and his claims relating to the taking of his property are not cognizable in this § 1983 action, and must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

### 3. *Restitution account claims*

Plaintiff also claims that his due process rights are being violated because the California Department of Corrections and Rehabilitation ("CDCR") is taking money from his trust account to pay towards his restitution fine. *See* SAC at 9. Specifically, Plaintiff objects to the monies he receives from his family as gifts being used to pay for his restitution. *Id.*

When a prisoner is sentenced in California, at times a restitution fine is imposed by Cal. Pen. Code § 1202.4(b) to be collected in a manner set forth by Cal. Pen. Code § 2085.5(a) which provides, in part, that:

> "the Director of Corrections shall deduct a minimum of 20 percent or the balance owing on the fine amount, whichever is less, up to a maximum of 50 percent from the wages and trust account deposits of a prisoner, unless prohibited by federal law, and shall transfer that amount to the California Victim Compensation and Government Claims Board for deposit in the Restitution Fund in the State Treasury."

Cal. Pen. Code § 2085.5(a)

The California Penal Code requires that the money be garnished from "the wages and trust account deposits" of an inmate. *Id.* Plaintiff objects to garnishment of monies obtained and deposited into his inmate trust account from family members. *See* SAC at 9. Initially, California Penal Code § 2085.5 only provided for garnishment of inmate wages but this code section was amended in 1992 to also allow for garnishments of other types of deposits into an inmate's trust account. *See Quarles v. Kane*, 482 F.3d 1154, 1155 (9th Cir. 2007).

The statute clearly provides for garnishment from wages and "trust account deposits" which would include money that Plaintiff receives from family members. Title 15 of the California Code of Regulations does provide some exemptions from this garnishment.

Certain monies in a prisoner's trust account are exempt from withdrawal for payment of restitution as follows:

> "Joint Venture Program Deposits, funds designated to pay the costs of a family visit ("family visit funds"), Temporary Community Leave funds, federal disability payments, veteran benefits, any reimbursement to an inmate as a result of a claim for lost or damaged property, or money reimbursed to an inmate due to a failed attempt to purchase merchandise are exempt for fines and direct orders of restitution."

CAL. CODE REGS. TIT. 15, § 3097(j).

Plaintiff alleges no facts to demonstrate that the funds he received from his family would fall under these exemptions. Thus, Plaintiff's Fourteenth Amendment due process claims relating to his inmate trust account are dismissed for failing to state a claim upon which relief may be granted.

### III.

### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Second Amended Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a Third Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

2. The Clerk of Court is directed to mail a court approved § 1983 form to Plaintiff.

**IT IS SO ORDERED.**
  **IT IS SO ORDERED.**

DATED: April 15, 2010

_____
HON. DANA M. SABRAW
United States District Judge