# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD YOUNG, CDCR #F-44590,<br><br>   Plaintiff,<br><br>vs.<br><br>LARRY SMALLS, et al.<br><br>   Defendants. | Civil No.   09-2545 DMS (JMA)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE THIRD AMENDED COMPLAINT**<br><br>**[Doc. No. 23]** |

## I.
### PROCEDURAL HISTORY

Howard Young ("Plaintiff"), a prisoner currently incarcerated at Calipatria State Prison in Calipatria, California, and proceeding pro se, initiated this civil action pursuant to 42 U.S.C. § 1983 on November 11, 2009.

On January 19, 2010, the Court granted Plaintiff leave to proceed *in form pauperis* but dismissed his Complaint sua sponte for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. *See* Jan. 19, 2010 Order [Doc. No. 11] at 11. In its Order, the Court identified Plaintiff's pleading deficiencies and provided him leave to amend. *Id.* at 5-12.

On the same day, however, Plaintiff filed a First Amended Complaint, as was his right pursuant to FED.R.CIV.P. 15(a) [Doc. No. 12]. Realizing that Plaintiff did not have the benefit

1  of the Court's January 19, 2010 Order at the time he drafted his First Amended Complaint, on
2  January 27, 2010, the Court issued an Order providing Plaintiff with the opportunity to either:
3  (1) file a Second Amended Complaint which addressed the pleading deficiencies identified in
4  the Court's January 19, 2010 Order; or (2) notify the Court that he indeed wished to proceed
5  with the First Amended Complaint filed on January 19, 2010. *See* Jan, 27, 2010 Order [Doc. No.
6  13] at 2.
7       On February 16, 2010, Plaintiff filed a "Motion for Return of Record of all Previously
8  Filed Documents and Extension of Time to File Amended Complaint" [Doc. No. 15], in which
9  he asked the Court to provide him with copies of his First Amended Complaint, and an
10 additional thirty additional days in which to prepare and submit his Second Amended Complaint.
11      On March 30, 2010, the Court granted Plaintiff's Motion, and on April 5, 2010, Plaintiff
12 filed his Second Amended Complaint [Doc. No. 21]. On April 15, 2010, however, the Court
13 dismissed Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and
14 1915A(b) because, like his previous pleadings, it failed to state a claim. *See* April 15, 2010
15 Order [Doc. No. 22]. Plaintiff was again granted 45 days leave in which to amend. *Id.* at 6.
16      On May 7, 2010, Plaintiff filed another Motion for Extension of Time [Doc. No. 23].
17 Plaintiff claims he requires additional time to amend because he "is incarcerated and does not
18 have regular access to an adequate law library." *See* Pl.'s Mot. at 1.

19 **II.**
20 **STANDARD OF REVIEW**

21      As noted above, this is Plaintiff's third request for an extension of time. However, he is
22 proceeding without counsel and his request is timely. *See Balistreri v. Pacifica Police Dep't*,
23 901 F.2d 696, 699 (9th Cir. 1990) (court has a "duty to ensure that pro se litigants do not lose
24 their right to a hearing on the merits of their claim due to ... technical procedural requirements.").
25 Thus, the Court finds good cause to grant Plaintiff's request. "'Strict time limits ... ought not to
26 be insisted upon' where restraints resulting from a pro se ... plaintiff's incarceration prevent
27 timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987)
28 (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967); *see also Bennett v. King*, 205

1 F.3d 1188, 1189 (9th Cir. 2000) (reversing district court's dismissal of prisoner's amended pro
2 se complaint as untimely where mere 30-day delay was result of prison-wide lockdown).

3 Nevertheless, the Court finds it appropriate to caution Plaintiff that absent a showing of
4 extraordinary circumstances, it is unlikely to grant any further extensions of time to amend in
5 this case. *Cf. Efau v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (noting that while a court's
6 discretion in extending time [under FED.R.CIV.P. 4(m)] is broad, a plaintiff's protracted and
7 repeated requests for extension of time must end somewhere, for "not court has ruled that the
8 discretion is limitless.").

### III.

#### CONCLUSION AND ORDER

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion for Extension of Time to file his Third Amended Complaint [Doc. No. 23].

**IT IS FURTHER ORDERED** that Plaintiff's Third Amended Complaint must be received by the Court no later than **Monday, June 28, 2010.** Moreover, Plaintiff is cautioned that his Third Amended Complaint must address the deficiencies of pleading identified in the Court's January 27, 2010 and April 15, 2010 Orders, and must be complete in itself without reference to either his original, First or Second Amended Complaints. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989).

If Plaintiff chooses *not* to file a Third Amended Complaint by June 28, 2010, the Court will enter a final Order of Dismissal for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

DATED: May 18, 2010

HON. DANA M. SABRAW
United States District Judge