1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

10
11
12

HOWARD YOUNG,
CDCR #F-44590,

13                                              Plaintiff,

14                    vs.

15   LARRY SMALLS, et al.,

16

17                                              Defendants.

18

Civil No.     09-2545 DMS (JMA)

**ORDER DISMISSING THIRD
AMENDED COMPLAINT FOR
FAILING TO STATE A CLAIM
PURSUANT TO 28 U.S.C.
§§ 1915(e)(20 & 1915A(b)**

19
20                                              I.

21                          PROCEDURAL HISTORY

22        On November 10, 2009, Howard Young ("Plaintiff"), a state prisoner currently

23   incarcerated at Kern Valley State Prison located in Delano, California, and proceeding in pro se,

24   filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court issued an Order on

25   January 19, 2010 dismissing Plaintiff's Complaint for failing to state a claim pursuant to 28

26   U.S.C. §§ 1915(e)(2)(B) & 1915A(b).  The Plaintiff was notified of the deficiencies of pleading

27   and provided an opportunity to file a First Amended Complaint.  However, on that same day,

28   Plaintiff filed his First Amended Complaint [Doc. No. 12].

Because Plaintiff could not have received the Court's Order in time to correct the problems the Court identified in his previous pleading, the Court dismissed Plaintiff's First Amended Complaint and gave him leave to file a Second Amended Complaint.  On April 5, 2010, Plaintiff filed his Second Amended Complaint ("SAC") [Doc. No. 21]. The Court, once again, dismissed Plaintiff's Second Amended Complaint and gave him an opportunity to file a Third Amended Complaint.  On June 24, 2010, Plaintiff filed his Third Amended Complaint ("TAC").

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court stated in its previous Orders, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  However, in giving liberal interpretation to a pro se civil rights complaint, the court may not "supply essential elements of claims that were

not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

### A.    42 U.S.C. § 1983 Liability

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S. Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

#### 1.    First Amendment and RLUIPA claims

In this Third Amended Complaint, Plaintiff alleges that his First Amendment rights and rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") have been violated because prison officials refuse to provide him with a kosher diet.  (*See* TAC at 5.) Plaintiff claims that instead he has been provided with a "religious vegetarian diet" which is unsanitary and fails to provide him with adequate nutrition.  (*Id.*)

As to either Plaintiff's First Amendment or RLUIPA claims, he fails to allege facts sufficient to state a claim.  "The right to exercise religious practices and beliefs does not terminate at the prison door." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam).  In order to implicate the Free Exercise Clause of the First Amendment, the Plaintiff must show that their belief is "sincerely held" and "rooted in religious belief." *See Shakur v. Schiro*, 514 F.3d 878, 884 (citing *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994).

In addition to First Amendment protections, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et. seq*., provides:

> No government shall impose a *substantial burden on the religious exercise* of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person – [¶] (1) is in furtherance of a *compelling governmental interest*; and [¶] (2) is the *least restrictive means* of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a) (emphasis added)*; see also San Jose Christian College v. Morgan Hill,*

1  360 F.3d 1024, 1033-34 (9th Cir. 2004) ("RLUIPA 'replaces the void provisions of RFRA' . . .

2  and prohibits the government from imposing 'substantial burdens' on 'religious exercise' unless

3  there exists a compelling governmental interest and the burden is the least restrictive means of

4  satisfying the governmental interest.").

5        RLUIPA defines religious exercise to include "any exercise of religion, whether or not

6  compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A); *San Jose*

7  *Christian College*, 360 F.3d at 1034.  The party alleging a RLUIPA violation carries the initial

8  burden of demonstrating that a governmental practice constitutes a substantial burden on his

9  religious exercise.  *See* 42 U.S.C. §§ 2000cc-1(a); 2000cc-2(b) ("[T]he plaintiff shall bear the

10  burden of persuasion on whether the law (including a regulation) or government practice that is

11  challenged by the claim substantially burdens the plaintiff's exercise of religion.").).

12        Here, Plaintiff's Third Amended Complaint is devoid of any allegation that his request

13  for a vegetarian or kosher meal is tied to any religious belief.  Instead, Plaintiff appears to claim

14  that the amount of food is, at times, insufficient and he would prefer a kosher meal because he

15  believes it is more sanitary.  *See* TAC at 5.  Thus, Plaintiff has alleged no facts on which to base

16  either a First Amendment or RLUIPA claim.

17                2.      Fourteenth Amendment restitution claim

18        Plaintiff alleges that prison officials are wrongfully garnishing money from deposits made

19  by family members to pay towards his restitution.  Specifically, Plaintiff claims that he was

20  subjected to a "direct order" restitution which takes precedence over a "restitution fine."

21  *See* TAC at 6.  As such, Plaintiff claims that only a percentage of his earnings, rather than

22  deposits from family, can be taken to satisfy the "direct order" restitution and Plaintiff cites to

23  Section 3097(g) from Title 15 in support of this argument.   Section 3097(g) states, in part,

24  "[w]hen an inmate owes both a restitution fine and a direct order of restitution from a sentencing

25  court, the department shall collect the direct order(s) of restitution first."  *See* CAL. CODE REGS.

26  TIT. 15, § 3097(g).  However, the remainder of § 3097 very clearly states that the money to be

27  paid towards a "direct order" restitution or restitution fine can come from both an inmates

28  earnings or monies deposited in an inmate's trust account.  *See*   CAL. CODE REGS. TIT. 15,

§§ 3097(a) - (f).

There is no legal or statutory authority that supports Plaintiff's claim that prison officials can only garnish money he receives from inmate wages.  Both case law and statutory law provide for prison officials to have the ability to garnish money from an inmate's trust account that comes from any source.  Plaintiff is correct that initially, California Penal Code § 2085.5 only provided for garnishment of inmate wages but this code section was amended in 1992 to also allow for garnishments of other types of deposits into an inmate's trust account. *See Quarles v. Kane*, 482 F.3d 1154, 1155 (9th Cir. 2007).   As Plaintiff notes in his Third Amended Complaint, he was sentenced and subjected to a restitution order in 1996, four years after the code section had been amended.  *See* TAC at 6.  Accordingly, Plaintiff's Fourteenth Amendment due process claims relating to his restitution order and inmate trust account are dismissed for failing to state a claim upon which relief may be granted and without leave to amend.

3.      Eighth Amendment outdoor exercise and inadequate medical care claims

Plaintiff alleges that he was denied outdoor exercise from June 1, 2009 to March 3, 2010 in violation of his Eighth Amendment rights.  *See* TAC at 7.  "Whatever rights one may lose at the prison gates, ... the full protections of the eighth amendment most certainly remain in force. The whole point of the amendment is to protect persons convicted of crimes."  *Spain v. Procunier*, 600 F.2d 189, 193-94 (9th Cir. 1979) (citation omitted).  The Eighth Amendment, however, is not a basis for broad prison reform.  It requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable. *Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1981).  Rather, the Eighth Amendment proscribes the "unnecessary and wanton infliction of pain," which includes those sanctions that are "so totally without penological justification that it results in the gratuitous infliction of suffering." *Gregg v. Georgia*, 428 U.S. 153, 173, 183 (1976); *see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Rhodes*, 452 U.S. at 347.  This includes not only physical torture, but any punishment incompatible with "the evolving standards of decency that mark the progress of a maturing society." *Trop v. Dulles*, 356 U.S. 86, 101 (1958); *see also Estelle v.*

1   *Gamble*, 429 U.S. 97, 102 (1976).

2   To assert an Eighth Amendment claim for deprivation of humane conditions of

3   confinement, a prisoner must satisfy two requirements: one objective and one subjective.

4   *Farmer*, 511 U.S. at 834; *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994). "Under the

5   objective requirement, the prison official's acts or omissions must deprive an inmate of the

6   minimal civilized measure of life's necessities." *Id.* This objective component is satisfied so

7   long as the institution "furnishes sentenced prisoners with adequate food, clothing, shelter,

8   sanitation, medical care, and personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir.

9   1982); *Farmer*, 511 U.S. at 833; *Wright v. Rushen*, 642 f.2d 1129, 1132-33 (9th Cir. 1981).

10   The subjective requirement, relating to the defendants' state of mind, requires "deliberate

11   indifference." *Allen*, 48 F.3d at 1087. "Deliberate indifference" exists when a prison official

12   "knows of and disregards an excessive risk to inmate health and safety; the official must be both

13   aware of facts from which the inference could be drawn that a substantial risk of serious harm

14   exists, and he must also draw the inference." *Farmer*, 511 U.S. at 835. Finally, the Court must

15   analyze each claimed violation in light of these requirements, for Eighth Amendment violations

16   may not be based on the "totality of conditions" at a prison. *Hoptowit*, 682 F.2d at 246-47;

17   *Wright*, 642 F.2d at 1132.

18   In *Spain*, the court stated that "regular outdoor exercise is extremely important to the

19   psychological and physical well being of the inmates." *Spain*, 600 F.2d at 199. While a

20   temporary denial of outdoor exercise would not necessarily rise to the level of a constitutional

21   violation, Plaintiff's allegations of a several month denial of outdoor exercise may meet the

22   objective requirement for stating an Eighth Amendment claim. *See Lopez v*, 203 F.3d at 1122

23   (complete denial of outdoor recreation for six and one half weeks was sufficient to satisfy the

24   objective requirement). However, Plaintiff must also allege that Defendants acted with

25   "deliberate indifference to an excessive risk to inmate health." *Farmer,* 511 U.S. at 837.

26   Plaintiff has failed to allege that any of the named Defendants acted with "deliberate

27   indifference." In fact, Plaintiff makes no reference to any specific Defendant with regard to this

28   Eighth Amendment claim. *See* TAC at 7. Thus, if Plaintiff chooses to file an Amended

Complaint, he must specifically identify those Defendants whom he claims acted with "deliberate indifference" to his Eighth Amendment right.

Plaintiff also seeks to hold Defendant Magill liable for violation of his Eighth Amendment rights on the grounds that Defendant Magill provided inadequate medical care. Plaintiff alleges that he was seen by Defendant Magill on July 21, 2009 for a "growing rash on both legs." TAC at 10.  Defendant Magill allegedly determined that the rash was not "urgent". *Id.*  A few months later, on October 8, 2009, Plaintiff was diagnosed with a staph infection and provided medication.  *Id.*

In order to assert a claim for inadequate medical care, Plaintiff must allege facts which are sufficient to show that each person sued  was "deliberately indifferent to his serious medical needs." *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle,* 429 U.S. at 106..  Prison officials must purposefully ignore or fail to respond to Plaintiff's pain or medical needs. *Estelle*, 429 U.S. at 105-06.

Thus, to state a claim, Plaintiff must allege facts sufficient to show both: (1) an objectively "serious" medical need, i.e., one that a reasonable doctor would think worthy of comment, one which significantly affects his daily activities, or one which is chronic and accompanied by substantial pain, *see Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994); and (2) a subjective, and "sufficiently culpable" state of mind on the part of each individual Defendant.  *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991).  In other words, Plaintiff must plead facts that show that Defendants knew of his "serious" need for medical attention and that each one nevertheless disregarded his need despite the excessive risk posed to his health. *See Farmer*, 511 U.S. at 837.

The indifference to medical needs also must be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Here, Plaintiff claims that Defendant Magill did not diagnose him with a more serious infection and instead, Defendant Magill simply indicated that his condition was a "routine" skin condition.  *See* TAC at 10. A mere difference of opinion between an inmate and prison medical personnel regarding

1   appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference

2   claim.  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

3        Accordingly, Plaintiff's Eighth Amendment claims for lack of outdoor exercise and

4   failure to provide adequate medical care are dismissed for failing to state a claim upon which

5   relief may be granted.

6                    4.    Retaliation claims

7        Plaintiff claims that various Defendants were retaliating against him when Plaintiff was

8   brought up on disciplinary charges and sentenced to the "SHU"[1].  To state a retaliation claim,

9   Plaintiff must allege facts sufficient to show that:  (1) he was retaliated against for exercising his

10  constitutional rights, (2) the alleged retaliatory action "does not advance legitimate penological

11  goals, such as preserving institutional order and discipline," *Barnett v. Centoni*, 31 F.3d 813,

12  815-16 (9th Cir. 1994) (per curiam), and (3) the defendants' actions harmed him.[2]  *See Rhodes*

13  *v. Robinson*, 380 F.3d 1183, 1131 (9th Cir. 2004) ("Our cases, in short, are clear that any

14  retribution visited upon a prisoner due to his decision to engage in protected conduct is sufficient

15  to ground a claim of unlawful First Amendment retaliation--whether such detriment "chills" the

16  plaintiff's exercise of his First Amendment rights or not."); *see also Resnick*, 213 F.3d at 449;

17  *Hines v. Gomez*, 108 F.3d 265, 269 (9th Cir. 1997).

18       Here, Plaintiff has failed to allege that Defendants' actions failed to "advance legitimate

19  penological goals," *Barnett*, 31 F.3d at 815-16, that he was harmed as a result of exercising his

20  First Amendment rights, *Rhodes*, 380 F.3d at 1131, or has been otherwise 'chilled' in relation

21  to the exercise of his rights.  *Resnick*, 213 F.3d at 449; *Hines*, 108 F.3d at 269.  Therefore, the

22  Court must also sua sponte dismiss Plaintiff's retaliation claims for failing to state a claim upon

23  which relief can be granted.

24

25       [1]  The "SHU" is an acronym for the "Secured Housing Unit."

26       [2]  "[A] retaliation claim may assert an injury *no more tangible* than a chilling effect on First
    Amendment rights."  *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir.2001) (emphasis original).
27  "Without alleging a chilling effect, a retaliation claim without allegation of other harm is not
    actionable."  *Id.*  Thus, while many plaintiffs alleging retaliation can show harm by pointing to the
28  "chilling effect" such acts may have had on the exercise of their First Amendment rights, "harms
    entirely independent from a chilling effect can ground retaliation claims."  *Rhodes*, 380 F.3d at 1131.

1   ///

2             5.       Property claims

3          Plaintiff further claims that prison officials "wrongfully denied" him his "personal

4   property of which over $200.00 went missing." TAC at 11. Where a prisoner alleges the

5   deprivation of a liberty or property interest caused by the unauthorized negligent or intentional

6   action of a prison official, the prisoner cannot state a constitutional claim where the state

7   provides an adequate post-deprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 129-32

8   (1990); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The California Tort Claims Act ("CTCA")

9   provides an adequate post-deprivation state remedy for the random and unauthorized taking of

10   property. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994). Here, Plaintiff has an

11   adequate state post-deprivation remedy and his claims relating to the taking of his property are

12   not cognizable in this § 1983 action, and must be dismissed without leave to amend.

13          Thus, Plaintiff's Third Amended Complaint must be dismissed for failing to state a claim

14   upon which section 1983 relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(b)(ii);

15   1915A(b)(1). The Court will provide Plaintiff with one final opportunity to amend his pleading

16   in light of the standards set forth above. *See Lopez*, 203 F.3d at 1130-31.

17

18                             III.

19                  **CONCLUSION AND ORDER**

20          Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

21          1.       Plaintiff's Third Amended Complaint is **DISMISSED** without prejudice pursuant

22   to 28 U.S.C. §§ 1915(e)(2)(b)and 1915A(b). However, Plaintiff is **GRANTED** forty five (45)

23   days leave from the date this Order is "Filed" in which to file a Fourth Amended Complaint

24   which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must

25   be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1.

26   Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed

27   to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if

28   Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may

1  be dismissed without further leave to amend and may hereafter be counted as a "strike" under

2  28 U.S.C. § 1915(g).  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

3         2.       The Clerk of Court is directed to mail a court approved § 1983 form to Plaintiff.

4  **IT IS SO ORDERED.**

5  DATED:  July 19, 2010

6

7         HON. DANA M. SABRAW
       United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28