1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

HOWARD YOUNG,
CDCR #F-44590,

Plaintiff,

vs.

LARRY SMALLS, W.J. PRICE;
G.J. JANDA; M. TAPIA; T. OCHOA;
D. MIDDLETON; RIGNEY;
CDCR,

Defendants.

Civil No.     09-2545 DMS (JMA)

**ORDER:**

**(1)  DISMISSING CLAIMS AND DEFENDANTS FROM FOURTH AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(20 & 1915A(b); and**

**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF FOURTH AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3) &  28 U.S.C. § 1915(d)**

## I.

### PROCEDURAL HISTORY

On November 10, 2009, Howard Young ("Plaintiff"), a state prisoner currently incarcerated at Kern Valley State Prison located in Delano, California, and proceeding in pro se,

1    filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court issued an Order on

2    January 19, 2010 dismissing Plaintiff's Complaint for failing to state a claim pursuant to 28

3    U.S.C. §§ 1915(e)(2)(B) & 1915A(b). Plaintiff was notified of the deficiencies of pleading and

4    provided an opportunity to file a First Amended Complaint. However, on that same day,

5    Plaintiff filed his First Amended Complaint [Doc. No. 12].

6        Because Plaintiff could not have received the Court's Order in time to correct the

7    problems the Court identified in his previous pleading, the Court dismissed Plaintiff's First

8    Amended Complaint and gave him leave to file a Second Amended Complaint. On April 5,

9    2010, Plaintiff filed his Second Amended Complaint [Doc. No. 21]. The Court, once again,

10   dismissed Plaintiff's Second Amended Complaint and gave him an opportunity to file a Third

11   Amended Complaint. On June 24, 2010, Plaintiff filed his Third Amended Complaint.

12   Plaintiff's Third Amended Complaint was also dismissed for failing to state a claim. *See* July

13   19, 2010 Order at 9-10. While Plaintiff was given the opportunity to file a Fourth Amended

14   Complaint, the Court dismissed Plaintiff's claims relating to his restitution account and his

15   personal property claims without leave to amend. *Id.* at 4-5, 9. Plaintiff was also cautioned that

16   any Defendants not named and all claims not re-alleged in the Amended Complaint would be

17   deemed to have been waived. *Id.* at 9 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

18        On September 22, 2010, Plaintiff filed his Fourth Amended Complaint ("FAC"). Plaintiff

19   no longer names Defendants Lopez, Madden, Sutton, Criman, Bellinger, Badilla, Drake, Mudra,

20   Shields, John Does and Magill in his FAC. *See* FAC at 1-3. Thus, Defendants Lopez, Madden,

21   Sutton, Criman, Bellinger, Badilla, Drake, Mudra, Shields, John Does and Magill are

22   **DISMISSED** from this action. *See King*, 814 F.2d at 567.

**II.**

**SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

25       As the Court stated in its previous Orders, the Prison Litigation Reform Act ("PLRA")

26   obligates the Court to review complaints filed by all persons proceeding IFP and by those, like

27   Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or

28   adjudicated delinquent for, violations of criminal law or the terms or conditions of parole,

1  probation, pretrial release, or diversionary program," "as soon as practicable after docketing."

2  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these provisions of the PLRA, the Court must

3  sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to

4  state a claim, or which seek damages from defendants who are immune.  *See* 28 U.S.C. §§

5  1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§

6  1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v.*

7  *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

8        "[W]hen determining whether a complaint states a claim, a court must accept as true all

9  allegations of material fact and must construe those facts in the light most favorable to the

10  plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

11  "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  In addition, the Court's

12  duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*,

13  839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases."  *Ferdik v.*

14  *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).   However, in giving liberal interpretation to a

15  pro se civil rights complaint, the court may not "supply essential elements of claims that were

16  not initially pled."  *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th

17  Cir. 1982).  "Vague and conclusory allegations of official participation in civil rights violations

18  are not sufficient to withstand a motion to dismiss."  *Id.*

19        **A.      42 U.S.C. § 1983 Liability**

20        Section 1983 imposes two essential proof requirements upon a claimant:  (1) that a person

21  acting under color of state law committed the conduct at issue, and (2) that the conduct deprived

22  the claimant of some right, privilege, or immunity protected by the Constitution or laws of the

23  United States.  *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S. Ct. 2117, 2122

24  (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

25        **B.      Restitution claims and personal property claims**

26        In Plaintiff's previous pleadings he alleged that his constitutional rights were violated by

27  the method by which prison officials were withdrawing funds from his restitution account.  In

28  addition, Plaintiff alleged that on a number of occasions his personal property was taken by

1  prison officials without authorization.  The Court made clear in its previous Order that these

2  claims were dismissed without leave to amend.  *See* July 19, 2010 Order at 5, 9.  While Plaintiff

3  has ignored the Court's previous Order and re-alleged these claims, they remain dismissed for

4  all the reasons set forth in the July 19, 2010 Order.

5        **C.**     **Eleventh Amendment**

6        Moreover, to the extent Plaintiff asserts claims for monetary damages against the CDCR,

7  and Calipatria State Prison, the Court finds that these claims must be dismissed.  The State of

8  California and the CDCR,  an agency of the State of California, are not "persons" subject to suit

9  under § 1983 and are instead, entitled to absolute immunity from monetary damages actions

10  under the Eleventh Amendment.  *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 53-54

11  (1996); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *see also Hale*

12  *v. State of Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (holding that a state department of

13  corrections is not a "person" within the meaning of § 1983).  Therefore, Plaintiff's claims for

14  monetary damages against the CDCR and Calipatria State Prison are hereby dismissed pursuant

15  to 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii).

16        **D.**     **Remaining claims**

17        As to the remaining claims, the Court finds that Plaintiff's Fourth Amended Complaint

18  is  sufficiently pleaded to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2)

19  and 1915A(b). Therefore, Plaintiff is entitled to U.S. Marshal service on his behalf.  *See Lopez*,

20  203 F.3d at 1126-27;  28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

21  process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order

22  that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized

23  to proceed *in forma pauperis* under 28 U.S.C. § 1915.").  Plaintiff is cautioned, however, that

24  "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any

25  subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring."  *Teahan v. Wilhelm*,

26  481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

27  / / /

28  / / /

## III.

### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Defendants Lopez, Madden, Sutton, Criman, Bellinger, Badilla, Drake, Mudra, Shields, John Does and Magill are **DISMISSED** from this action. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

2. Plaintiff's Fourteenth Amendment restitution claims and personal property claims are **DISMISSED** without leave to amend for all the reasons set forth in the Court's July 19, 2010 Order.

3. Plaintiff's claims for monetary damages against the CDCR and Calipatria State Prison are **DISMISSED** without leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii). Any claims for injunctive relief against the CDCR or Calipatria State Prison remain in the action.

**IT IS FURTHER ORDERED** that:

4. The Clerk shall issue a summons as to Plaintiff's Fourth Amended Complaint [Doc. No. 31] upon the remaining Defendants and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order, the Court's January 19, 2010 Order granting Plaintiff leave to proceed IFP [Doc. No. 11], and certified copies of his Fourth Amended Complaint and the summons for purposes of serving each Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Thereafter, the U.S. Marshal shall serve a copy of the Fourth Amended Complaint and summons upon each Defendant as directed by Plaintiff on each Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

/ / /

/ / /

1   5.   Defendants are thereafter **ORDERED** to reply to Plaintiff's Fourth Amended

2   Complaint within the time provided by the applicable provisions of Federal Rule of Civil

3   Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted

4   to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or

5   other correctional facility under section 1983," once the Court has conducted its sua sponte

6   screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary

7   determination based on the face on the pleading alone that Plaintiff has a "reasonable

8   opportunity to prevail on the merits," Defendants are required to respond).

9   6.   Plaintiff shall serve upon Defendants or, if appearance has been entered by

10  counsel, upon Defendants' counsel, a copy of every further pleading or other document

11  submitted for consideration of the Court.  Plaintiff shall include with the original paper to be

12  filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy

13  of any document was served on Defendants, or counsel for Defendants, and the date of service.

14  Any paper received by the Court which has not been filed with the Clerk or which fails to

15  include a Certificate of Service will be disregarded.

16

17  DATED:  September 30, 2010

18  _____

19  HON. DANA M. SABRAW
    United States District Judge

20

21

22

23

24

25

26

27

28