# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD YOUNG, CDCR #F-44590,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>LARRY SMALLS, et al.,<br><br>　　　　　Defendants. | Civil No.　09cv2545 DMS (JMA)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**[Doc. No. 35]** |

## I.

### PROCEDURAL HISTORY

On November 10, 2009, Howard Young ("Plaintiff"), a state prisoner currently incarcerated at Kern Valley State Prison located in Delano, California, and proceeding in pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court issued an Order on January 19, 2010 dismissing Plaintiff's Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). Plaintiff was notified of the deficiencies of pleading and provided an opportunity to file a First Amended Complaint. However, on that same day, Plaintiff filed his First Amended Complaint [Doc. No. 12].

Because Plaintiff could not have received the Court's Order in time to correct the problems the Court identified in his previous pleading, the Court dismissed Plaintiff's First Amended Complaint and gave him leave to file a Second Amended Complaint. On April 5, 2010, Plaintiff filed his Second Amended Complaint [Doc. No. 21]. The Court, once again, dismissed Plaintiff's Second Amended Complaint and gave him an opportunity to file a Third Amended Complaint. On June 24, 2010, Plaintiff filed his Third Amended Complaint. Plaintiff's Third Amended Complaint was also dismissed for failing to state a claim. *See* July 19, 2010 Order at 9-10. While Plaintiff was given the opportunity to file a Fourth Amended Complaint, the Court dismissed Plaintiff's claims relating to his restitution account and his personal property claims without leave to amend. *Id.* at 4-5, 9. Plaintiff was also cautioned that any Defendants not named and all claims not re-alleged in the Amended Complaint would be deemed to have been waived. *Id.* at 9 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

On September 22, 2010, Plaintiff filed his Fourth Amended Complaint ("FAC"). However, Plaintiff no longer named Defendants Lopez, Madden, Sutton, Criman, Bellinger, Badilla, Drake, Mudra, Shields, John Does and Magill in his FAC. *See* FAC at 1-3. Thus, the Court issued an Order dismissing these Defendants from this action. *See King*, 814 F.2d at 567. Plaintiff has now filed a Motion for Reconsideration in which he states that he mistakenly left Defendant Magill off the list of Defendants but he did makes claims against this Defendant in the body of the FAC. *See* Pl.'s Mot. at 1.

## II.

### PLAINTIFF'S MOTION FOR RECONSIDERATION

**A.     Standard of Review**

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.[1] However, a motion for reconsideration may be construed as a motion to alter

---

[1] However, Local Rule 7.1(i) does permit motions for reconsideration. Under Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part...." S.D. CAL. CIVLR 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Local Rule 7.1(i)(2), however, only permits motions for reconsideration within "twenty -eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered."

1 or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489
2 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir.
3 1994). Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may
4 be filed within a "reasonable time," but usually must be filed "no more than a year after the entry
5 of the judgment or order or the date of the proceeding." FED.R.CIV.P. 60(c). Reconsideration
6 under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable
7 neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the
8 judgment has been satisfied; or (6) for any other reason justifying relief. FED.R.CIV. P. 60(b).

### B. Discussion

In Plaintiff's Fourth Amended Complaint, he does refer to Defendant Magill on page eight. *See* FAC at 8. Plaintiff appears to claim that Defendant Magill was deliberately indifferent to his serious medical needs because she diagnosed Plaintiff with a "routine" skin condition when in fact, he alleges that he had a "MRSA staph infection." *Id.*

In order to assert a claim for inadequate medical care, Plaintiff must allege facts which are sufficient to show that each person sued was "deliberately indifferent to his serious medical needs." *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, to state a claim, Plaintiff must allege facts sufficient to show both: (1) an objectively "serious" medical need, i.e., one that a reasonable doctor would think worthy of comment, one which significantly affects his daily activities, or one which is chronic and accompanied by substantial pain, *see Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994); and (2) a subjective, and "sufficiently culpable" state of mind on the part of each individual Defendant. *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

Here, Plaintiff states that Nurse Magill "misdiagnosed" his skin condition. *See* FAC at 8. However, inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

27 / / /

28 / / /

1     Thus, even if Plaintiff inadvertently failed to list Nurse Magill as a Defendant, the Court will not add this Defendant to this action because Plaintiff cannot allege an Eighth Amendment claim as to Nurse Magill.

    Accordingly, the Court finds that Plaintiff has provided no newly discovered evidence, has failed to show clear error or that the Court rendered a manifestly unjust decision, and has further failed to identify any intervening changes in controlling law that would demand reconsideration of the Court's September 30, 2010 Order.

### III.

#### CONCLUSION AND ORDER

    In light of the foregoing, the Court hereby **DENIES** Plaintiff's Motion for Reconsideration [Doc. No. 35] of the Court's September 30, 2010 Order.

**IT IS SO ORDERED.**

DATED: October 29, 2010

*[signature]*

HON. DANA M. SABRAW
United States District Judge