# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD YOUNG,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>LARRY SMALLS, et al.,<br><br>　　　　　　Defendants. | CASE NO. 09CV2545 DMS (JMA)<br><br>**ORDER DENYING PLAINTIFF'S AMENDED MOTION FOR INJUNCTIVE RELIEF** |

　　　　Pending before the Court is Plaintiff's amended motion for a temporary restraining order and/or for preliminary injunctive relief. For the following reasons, Plaintiff's motion is denied.

## I.
## BACKGROUND

　　　　Plaintiff, a state prisoner proceeding *pro se*, filed a Complaint pursuant to 42 U.S.C § 1983 on November 10, 2009. (Doc. 1.) Plaintiff subsequently filed several amended complaints and his Fourth Amended Complaint ("FAC") is presently on file with the Court. (Doc. 31.) In his FAC, Plaintiff asserts, among other claims, a claim requesting kosher diet meals and alleging the religious vegetarian diet meals he currently receives are insufficient in light of his religious beliefs, in violation of the First and Fourteenth Amendments to the Constitution and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1, *et seq.*

　　　　On December 8, 2010, Plaintiff filed a motion for preliminary injunctive relief. (Doc. 51.) The

1 following day, Plaintiff filed an amended motion for preliminary injunctive relief. (Doc. 53.) In his
2 amended motion, Plaintiff seeks to be provided with kosher diet meals in light of his "sincerely held
3 beliefs as a Hebrew-Israelite." (FAC at 1.) Defendants Price, Ochoa, Rigney, Tapia, and Smalls filed
4 an opposition to Plaintiff's amended motion. (Doc. 68.)

## II.

## DISCUSSION

On a motion for a preliminary injunction, a plaintiff has the burden of establishing: 1) likelihood of success on the merits; 2) likelihood of irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in his favor; and 4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008). With respect to the showing a plaintiff must make regarding his chances of success on the merits, the Ninth Circuit applies a sliding scale approach. *See Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1049 (9th Cir. 2010). Under the sliding scale approach, the elements of the preliminary injunction test are balanced and, where a plaintiff can make a stronger showing of one element, it may offset a weaker showing of another. *Id*. "Therefore, 'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1053. Accordingly, it is necessary for a plaintiff to demonstrate each of these four elements for a preliminary injunction to issue. Furthermore, under the Prison Litigation Reform Act, preliminary injunctive relief against a state prison system must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

Here, Plaintiff has demonstrated neither a likelihood of success nor serious questions going to the merits of his claims. In his amended motion, he merely states he is a "Hebrew-Israelite" requesting the kosher diet meals available at Kern Valley State Prison, where he is currently incarcerated, and that the kosher meals available meet the requirements of his sincerely-held religious beliefs. He attaches as an exhibit a response from the California Prison Health Care Services Office of Third Level Appeals to his appeal from a decision regarding a religious exception to receiving a Tuberculosis shot

1  and claims this exhibit indicates Defendant CDCR has acknowledged Plaintiff's religious beliefs.
2  However, the exhibit merely notes that Plaintiff states he is a Jewish inmate and states he has
3  sincerely-held beliefs as a Hebrew-Israelite.  Such a bare showing by Plaintiff is insufficient to satisfy
4  his burden of demonstrating a likelihood of success or serious questions going to the merits of his
5  claim.  Because Plaintiff has not sufficiently satisfied the first element of the preliminary injunction
6  standard, the Court does not address the remaining elements.

### III.
### CONCLUSION

For the foregoing reasons, Plaintiff's amended motion for a temporary restraining order and/or for preliminary injunctive relief is denied.

**IT IS SO ORDERED.**

DATED: January 12, 2011

_____
HON. DANA M. SABRAW
United States District Judge