1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          SOUTHERN DISTRICT OF CALIFORNIA
10
11   HOWARD YOUNG, CDCR #F-44590,      )    Case No. 09-CV-2545-DMS (JMA)
                                       )
12                     Plaintiff,      )    **ORDER DENYING PLAINTIFF'S**
                                       )    **MOTION FOR RECONSIDERATION**
13   v.                                )    **[Doc. 73]**
                                       )
14   LARRY SMALLS, et al.,             )
                                       )
15                     Defendants.     )
                                       )
16   ─────────────────────────────    )
17
18          On January 24, 2011 nunc pro tunc January 18, 2011, Plaintiff Howard Young

19   ("Plaintiff") filed a Rule 60(b) Motion for Reconsideration of the Court's December 27,

20   2010 Order Granting Ex Parte Application by Defendant Smalls to Extend the Initial

21   Time to Respond to the Fourth Amended Complaint.  [Doc. 55.]  Plaintiff previously filed

22   a similar motion for reconsideration regarding other defendants (Price, Ochoa, Rigney,

23   and Tapia) on December 30, 2010 nunc pro tunc December 27, 2010, which the Court

24   denied on January 5, 2011.  [Docs. 59, 64.]  Although Plaintiff's initial motion for

25   reconsideration pertained to other defendants, Defendant Smalls, in conjunction with

26   the other defendants, filed an opposition to the motion.  [Doc. 56.]

27          For the reasons set forth below, Plaintiff's Motion for Reconsideration is **DENIED**.

28   //

09cv2545

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.  Rule 60(b), to which Plaintiff cites, allows a party to seek relief from "a final judgment, order, or proceeding" due to "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence," "fraud," or because "the judgment is void," "the judgment has been satisfied," or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b).  Local Civil Rule 7.1(i), however, does expressly permit motions for reconsideration.  Under Rule 7.1(i)(1), a party applying for reconsideration must set forth "what new or different facts or circumstances are claimed to exist which did not exist, or were not shown" upon the prior application.  Civ. L.R. 7.1(i)(1).

Plaintiff's motion for reconsideration is premised on his belief that at the time of the Court's December 27, 2010 Order Granting Ex Parte Application by Defendant Smalls to Extend the Initial Time to Respond to the Fourth Amended Complaint, Plaintiff had a motion for default judgment pending.  Mot. for Recon. [Doc. 73] at 2. Plaintiff, however, did not have a motion for default judgment against Defendant Smalls.  While the Court received a purported motion for default judgment from Plaintiff on December 27, 2010, the motion was rejected for filing by the chambers of the Honorable Dana M. Sabraw on January 6, 2011.  See Notice of Document Discrepancies, Doc. 67.  The motion was rejected for filing in part because Plaintiff had not yet filed a Request for Clerk's Entry of Default.  Id.  Therefore, no motion for default judgment was pending against Defendant Smalls at the time the Court issued its December 27, 2010 Order, nor is one currently pending.

Plaintiff has shown no "newly discovered evidence" nor has he demonstrated that any "new or different facts or circumstances" warrant reconsideration of the Court's

//

//

//

//

09cv2545

1

2  December 27, 2010 Order.  Accordingly, Plaintiff's Motion for Reconsideration is

3  **DENIED**.

4      **IT IS SO ORDERED**.

5  DATED:  January 27, 2011

6  _____
   Jan M. Adler
7  U.S. Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28