# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD YOUNG,<br>CDCR #F-44590,<br><br>                              Plaintiff,<br><br>vs.<br><br>LARRY SMALLS; G.J. JANDA; W.J.<br>PRICE; RIGNEY; M. TAPIA; CDCR;<br>MIDDLETON; T. OCHOA,<br><br>                              Defendants. | Civil No.   09cv2545 DMS (JMA)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)**<br><br>**[ECF No. 98]** |

## I.

### PROCEDURAL BACKGROUND

Howard Young ("Plaintiff"), a prisoner currently incarcerated at Kern Valley State Prison in Delano, California, proceeding pro se and *in forma pauperis,* filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims his constitutional rights were violated when he was housed at Calipatria State Prison. The Court has conducted a number of sua sponte screenings pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court's final screening Order dismissed several claims and Defendants from Plaintiff's Fourth Amended Complaint ("FAC"). *See* Sept. 30, 2010 Order at 5-6. The Court then directed the United States Marshal to effect service of the FAC on the remaining Defendants. *Id.*

Defendants Ochoa, Rigney, Price, Small, Tapia and the California Department of Corrections and Rehabilitation ("CDCR") filed a Motion to Dismiss pursuant to FED.R.CIV.P. 12(b) and 12(b)(6) [ECF No. 98]. Plaintiff filed an Opposition to Defendants' Motion [ECF No. 108] . On April 25, 2011, Defendants Middleton and Janda filed a Joinder to the previous Motion to Dismiss to which Plaintiff filed an Objection [ECF Nos. 110, 111]. In light of Plaintiff's Objection, the Court granted Plaintiff leave to file a supplemental Opposition to address any arguments pertaining to Defendants Middleton and Janda. Plaintiff has filed his supplemental Opposition and all Defendants have filed their Reply [ECF Nos. 109, 115].

The Court has determined that Defendants' Motion is suitable for disposition upon the papers without oral argument and that no Report and Recommendation from Magistrate Judge Jan M. Adler is necessary. *See* S.D. CAL. CIVLR 7.1(d)(1), 72.3(e).

## II.

### PLAINTIFF'S FACTUAL ALLEGATIONS

On May 21, 2009, while housed at Calipatria State Prison, Plaintiff was placed in Administrative Segregation ("Ad-Seg") by Defendants Janda, Criman, Middleton, Price, Tapia and Ochoa. (*See* FAC at 4.) While Plaintiff was in Ad-Seg, he was housed in a cell with constant illumination and denied outdoor exercise for a period of ten (10) months. (*Id.*) Plaintiff alleges that these Defendants knew of the conditions in Ad-Seg yet were deliberately indifferent to his health and safety. (*Id.*)

Plaintiff further alleges that Defendant Rigney placed him in a cell that had a "history of the toilet backflushing and overflowing." (*Id.* at 3A.) As a result of these conditions, Plaintiff claims that he contracted a "MRSA/Staph infection." (*Id.*) Plaintiff alleges that all of the named Defendants knew of the unsanitary conditions but refused to take any action to correct the problems. (*Id.*)

Finally, Plaintiff claims that he is a "Hebrew Israelite." (*Id.* at 4.) As such, Plaintiff claims he requires a kosher diet but instead, prison officials have only provided him with a religious vegetarian diet. (*Id.*) However, Plaintiff contends that this diet violates his religious beliefs. (*Id.*)

## III.

### DEFENDANTS' MOTION TO DISMISS

**A. FED.R.CIV.P. 12(b)(6) Standard of Review**

A Rule 12(b)(6) dismissal may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In other words, the plaintiff's complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief." *Id.* (citing FED.R.CIV.P. 8(a)(2)). "Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what ... the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (internal quotation marks omitted).

A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009).

In addition, factual allegations asserted by pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines,* 404 U.S. at 519-20. Thus, where a plaintiff appears in propria persona in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. *See Karim-Panahi*, 839 F.2d at 623.

Nevertheless, and in spite of the deference the court is bound to pay to any factual allegations made, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). Nor must the court "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" or

1  those which are "merely conclusory," require "unwarranted deductions" or "unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.) (citation omitted), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001); *see also Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (court need not accept as true unreasonable inferences or conclusions of law cast in the form of factual allegations).

                1.      Claim against Warden Smalls

Defendant Smalls seeks dismissal of the claims against him on the grounds that Plaintiff's allegations against him arise solely under a theory of supervisory liability. (*See* Defs.' Mem. of Ps & As at 2-3.) Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Therefore, when a named defendant holds a supervisory position, a causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisor either: personally participated in the alleged deprivation of constitutional rights, knew of the violations and failed to act to prevent them, or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, the only allegation against Defendant Smalls is that, as Warden, "he is responsible for the conditions at Calipatria Prison." (FAC at 4.) The Court agrees with Defendant Smalls that Plaintiff has not alleged any facts which show that Warden Smalls personally participated in the alleged deprivation of his Eighth Amendment rights, that he actually knew of any constitutional violations and failed to act to prevent them, or that he promulgated or implemented a policy so deficient that it repudiated Plaintiff's constitutional rights or was "the moving force" behind any Eighth Amendment violation. *Hansen*, 885 F.2d at 646.

/ / /

1  Accordingly, Defendant Small's Motion to Dismiss Plaintiff's claims against him is
2  **GRANTED** pursuant to FED.R.CIV.P. 12(b)(6) on respondeat superior grounds.

   2.  Eighth Amendment claims - Count 1 and Count 2

Defendants seek dismissal of Plaintiff's Eighth Amendment claims on the grounds that Plaintiff "has not alleged facts supporting his claim that the Committee members had knowledge of the allegedly inhumane conditions in Administrative Segregation." (Defs.' Mem. Ps & As at 3.)  "Whatever rights one may lose at the prison gates, ... the full protections of the eighth amendment most certainly remain in force.  The whole point of the amendment is to protect persons convicted of crimes." *Spain v. Procunier*, 600 F.2d 189, 193-94 (9th Cir. 1979) (citation omitted).  The Eighth Amendment, however, is not a basis for broad prison reform.  It requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable. *Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982).  Rather, the Eighth Amendment proscribes the "unnecessary and wanton infliction of pain," which includes those sanctions that are "so totally without penological justification that it results in the gratuitous infliction of suffering." *Gregg v. Georgia*, 428 U.S. 153, 173, 183 (1976); *see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Rhodes*, 452 U.S. at 347.  This includes not only physical torture, but any punishment incompatible with "the evolving standards of decency that mark the progress of a maturing society." *Trop v. Dulles*, 356 U.S. 86, 101 (1958)

To assert an Eighth Amendment claim for deprivation of humane conditions of confinement, a prisoner must satisfy two requirements: one objective and one subjective. *Farmer*, 511 U.S. at 834; *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994).  "Under the objective requirement, the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities." *Id.*  This objective component is satisfied so long as the institution "furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit*, 682 F.2d at 1246.

///

///

Here, Plaintiff alleges that he was denied outdoor exercise for a period of ten (10) months. (*See* FAC at 3.) "[O]rdinarily the lack of outside exercise for extended periods is a sufficiently serious deprivation" for Eighth Amendment purposes. *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993). A prohibition on outdoor exercise of six weeks is a "sufficiently serious" deprivation to support an Eighth Amendment claim. *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (en banc); *Allen v. Sakai*, 48 F.3d 1082, 1086 (1994). Plaintiff also alleges that he was placed in a cell with constant illumination. *See Keenan v. Hall*, 83 F.3d 1083, 1090 (9th Cir. 1996). Finally, Plaintiff alleges that he was placed in a cell that was so unsanitary it caused him to contract a staph infection. (*See* FAC at 3 - 3A.) All of these allegations are sufficient to find that Plaintiff has adequately stated the objective prong of an Eighth Amendment claim. In addition, Plaintiff alleges that Defendants Janda, Criman, Middleton, Price, Tapia, Ochoa and Rigney were all aware of these conditions but failed to do anything to protect Plaintiff from harm he claims to have suffered. (*Id.*) In addition, Plaintiff alleges that they "intentionally placed Plaintiff into the Ad-Seg knowing the conditions." (FAC at 4.) At this stage of the proceedings the Court finds that Plaintiff has adequately alleged facts sufficient to state an Eighth Amendment claim against the above referenced Defendants. Accordingly, Defendants Janda, Criman, Middleton, Price, Tapia, Ochoa and Rigney's Motion to Dismiss Plaintiff's Eighth Amendment claims is **DENIED** pursuant to FED.R.CIV.P. 12(b)(6).

3. Fourteenth Amendment Due Process claims

Defendants also seek dismissal of Plaintiff's Fourteenth Amendment due process claims. (*See* Defs.' Memo of Ps & As at 3.) Defendants apparently concede, as they do not make any argument in their moving papers, that Plaintiff has stated a liberty interest in remaining free from Ad-Seg. *See Wilkinson v. Austin*, 545 U.S. 209, 125 S.Ct. 2384 (2005); *Sandin v. Conner*, 515 U.S. 472 (1995) (Holding that in order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest.) When a prisoner is placed in Ad-Seg, prison officials are required to: (1) conduct an informal nonadversary review of the evidence justifying the decision to segregate the prisoner within a reasonable time of placing the prisoner in administrative segregation; (2) provide the prisoner with some notice of the charges

before the review; and (3) give the prisoner an opportunity to respond to the charges. *Toussaint v. McCarthy*, 801 F.3d 1080, 1100 (9th Cir. 1986), *abrogated in part on other grounds by Sandin*, 515 U.S. 472. The Court agrees with Defendants that Plaintiff's Fourth Amended Complaint is completely devoid of any factual allegations sufficient to allege a Fourteenth Amendment due process claim. Thus, Defendants' Motion to Dismiss Plaintiff's Fourteenth Amendment due process claims is **GRANTED** pursuant to FED.R.CIV.P. 12(b)(6).

    4.  Fourteenth Amendment equal protection claim

Defendants also seek dismissal of Plaintiff's Fourteenth Amendment equal protection claims. The "Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *Shaw v. Reno*, 509 U.S. 630 (1993). Prisoners are protected by the Equal Protection Clause from intentional discrimination on the basis of their religion. *See Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997).

However, conclusory allegations of discrimination are insufficient to withstand a motion to dismiss, unless they are supported by facts that may prove invidious discriminatory intent or purpose. *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977). Therefore, when an equal protection violation is alleged, the plaintiff must plead facts to show that the defendant "acted in a discriminatory manner and that the discrimination was intentional." *FDIC v. Henderson*, 940 F.2d 465, 471 (9th Cir. 1991) (citations omitted). "'Discriminatory purpose' . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979).

Here, Plaintiff's Fourth Amended Complaint lacks any factual allegation that any of the named Defendants acted with intentional discrimination. Accordingly, Defendants' Motion to Dismiss Plaintiff's Fourteenth Amendment Equal Protection claims is **GRANTED** pursuant to FED.R.CIV.P. 12(b)(6).

5.  RLUIPA and First Amendment claims

Defendants seek dismissal of these claims solely on the ground that this Court lacks jurisdiction over these claims because Defendants claim that these allegations arise from events at Kern Valley State Prison.[1] (*See* Defs.' Ps & As at 5.) Defendants appear to make assumptions that are not supported by the record. First, when Plaintiff first raised these claims in his original Complaint he was housed at Calipatria State Prison. [ECF No. 1]. Thus, Plaintiff's claims arose in Calipatria and he appears to allege that the issues regarding his religious diet are continuing to occur at Kern Valley. While the Court agrees that the Court does not have jurisdiction over the Calipatria Defendants to order injunctive relief, as that was made moot by Plaintiff's transfer, Plaintiff may still proceed against those Defendants for allegations of constitutional violations for which he seeks monetary damages. In addition, Plaintiff has named the California Department of Corrections and Rehabilitation ("CDCR") as a Defendant for current claims of injunctive relief. Defendants do not argue that the Court does not have jurisdiction over the CDCR. Defendants' Motion to Dismiss Plaintiff's religious claims for lack of proper venue is **DENIED**.

## IV.

### CONCLUSION AND ORDER

Based on the foregoing, the Court hereby:

1) **GRANTS** Defendant Smalls' Motion to Dismiss all claims against him found in Plaintiff's Fourth Amended Complaint pursuant to FED.R.CIV.P. 12(b)(6) [ECF No. 98];

2) **DENIES** Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claims pursuant to FED.R.CIV.P. 12(b)(6) [ECF No. 98];

3) **GRANTS** Defendants' Motion to Dismiss Plaintiff's Fourteenth Amendment due process and equal protection claims pursuant to FED.R.CIV.P. 12(b)(6) [ECF No. 98];

4) **DENIES** Defendants' Motion to Dismiss Plaintiff's religious claims for lack of proper venue; and

---

[1] Defendants' moving papers state that Plaintiff is housed at "Delano State Prison." However, the correct name of the institution where Plaintiff is currently housed is Kern Valley State Prison.

1 **IT IS FURTHER ORDERED THAT:**

2 Defendants Janda, Price, Rigney, Tapia, CDCR, Middleton and Ochoa shall file and
3 serve their Answer to the claims that remain in Plaintiff's Fourth Amended Complaint within
4 twenty one (21) days of the date this Order is "Filed" pursuant to FED.R.CIV.P. 12(a)(4)(A).

5 **IT IS SO ORDERED.**

7 DATED: August 22, 2011

9 U.S. DISTRICT JUDGE
DANA M. SABRAW