UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD YOUNG, CDCR #F-44590,<br><br>  Plaintiff,<br><br>v.<br><br>LARRY SMALLS, et al.,<br><br>  Defendants. | Case No. 09-CV-2545-DMS (JMA)<br><br>**ORDER (1) FINDING SUBPOENAS TO BE DEFECTIVE AND UNENFORCEABLE; (2) DENYING PLAINTIFF'S MOTION TO QUASH AS MOOT; AND (3) DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL AND FOR EXPERT WITNESSES**<br>**[Doc. Nos. 122, 126, 131]** |

Presently before the Court are the following motions filed by Plaintiff Howard Young: a motion to quash subpoena (Doc. No. 122), a motion for appointment of counsel (Doc. No. 126), and a motion for expert witnesses (Doc. No. 131).

**A.   Motion to Quash Subpoena**

On September 21, 2011 nunc pro tunc September 12, 2011, Plaintiff filed a motion for quash in relation to two subpoenas issued out of this Court by counsel for Defendants to the custodian of records for Kern Valley State Prison, located in Delano, California, where Plaintiff is currently incarcerated. See Pl.'s Mot. [Doc. No. 122]; Opp'n [Doc. No. 127], Exs. A & B. The subpoena commands the custodian of records to produce and permit inspection of certain of Plaintiff's medical records, as well as certain documents from Plaintiff's central inmate file. Plaintiff seeks an order quashing or

modifying the subpoenas.

Rule 45 of the Federal Rules of Civil Procedure requires a subpoena for production or inspection of documents to be issued "from the court for the district where the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2)(C). Pursuant to Rule 45(a)(2)(C), and based on the information presently before the Court, the subpoenas should have issued from the United States District Court, Eastern District of California. Accordingly, the Court finds that the subpoenas issued by Defendants out of this Court to Kern Valley State Prison are **DEFECTIVE** and **UNENFORCEABLE**, as they were not issued from the court for the district where the production is to be made. Based on the foregoing, Plaintiff's motion to quash is **DENIED** as moot.

### B.    Motion for Appointment of Counsel

On September 27, 2011 nunc pro tunc September 21, 2011, Plaintiff filed an motion for appointment of counsel. Doc. No. 126.[1] The Court denied a previous motion for appointment of counsel on November 1, 2010. See Doc. No. 39. Plaintiff has not demonstrated any change in circumstance that would warrant the appointment of counsel under the standards set forth in the Court's November 1, 2010 Order. See id. Accordingly, Plaintiff's motion for appointment of counsel is again **DENIED** without prejudice.

### C.    Motion for Expert Witnesses

On October 17, 2011 nunc pro tunc October 6, 2011, Plaintiff filed a motion for expert witnesses, in which he requests that the Court appoint a medical doctor, a psychiatrist, and a "Hebrew-Israelite priest/rabbi" to serve as experts on Plaintiff's behalf. Doc. No. 131. Rule 706 of the Federal Rules of Evidence authorizes a court to appoint an expert witness on its own motion or on the motion of any party. Fed. R. Evid. 706(a). The appointment of such a witness is within a court's discretion. Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir.

---

[1] Plaintiff's motion for appointment of counsel was made simultaneously with a motion for summary judgment. The Court will address the latter motion by separate order.

1999). As a general matter, such a measure should be taken sparingly. <u>See</u>, <u>e.g.</u>, Fed. R. Civ. P. 706 Advisory Committee Notes, 1972 Proposed Rules ("[E]xperience indicates that actual appointment is a relatively infrequent occurrence . . ."); 4 Jack B. Weinstein & Margaret A. Berger, <u>Weinstein's Federal Evidence</u> § 706.02[2] (2d ed. 2005) ("It is indisputable that court appointment of experts is a rarity.") Appointment may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or decide a fact in issue . . . ." <u>Ledford v. Sullivan</u>, 105 F.3d 354, 358-59 (7th Cir. 1997); <u>see</u> also <u>McKinney v. Anderson</u>, 924 F.2d 1500, 1511 (9th Cir. 1991), vacated on other grounds sub nom., <u>Helling v. McKinney</u>, 502 U.S. 903 (1991) (observing that an expert witness may be appointed if needed to significantly assist the court, and if the case involves complex scientific issues); <u>Trimble v. City of Phoenix Police Dept.</u>, 2006 WL 778697 (D. Ariz. 2006) ("Rule 706 permits the trial court, in an exercise of its discretion, to appoint an independent expert to *aid the trial court* under certain circumstances. Reasonably construed, it does not contemplate the appointment of, and compensation for, an expert to *aid one of the parties*.") (emphases added).

This case does not involve complex scientific evidence or issues, and Plaintiff has not demonstrated that the complexity of the case warrants the appointment of expert witnesses to assist the Court. Accordingly, Plaintiff's motion to appoint expert witnesses is **DENIED.**

**IT IS SO ORDERED**.

DATED: October 27, 2011

Jan M. Adler
U.S. Magistrate Judge