UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD YOUNG, CDCR #F-44590,<br><br>  Plaintiff,<br><br>v.<br><br>LARRY SMALLS, et al.,<br><br>  Defendants. | Case No. 09-CV-2545-DMS (JMA)<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [Doc. No. 139]; (2) SETTING BRIEFING SCHEDULE ON PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT [Doc. No. 141]; (3) DENYING PLAINTIFF'S MOTION FOR AN ORDER FOR ACCESS TO LAW LIBRARY [Doc. No. 142]; AND (4) GRANTING PLAINTIFF'S REQUEST FOR COPIES OF CHAMBERS RULES [Doc. No. 142]** |

Presently before the Court are the following motions filed by Plaintiff Howard Young: a motion for reconsideration (Doc. No. 139), a renewed motion for summary judgment (Doc. No. 141), and a motion for an order for access to an adequate law library and for copies of chambers rules (Doc. No. 144).

**I.   Motion for Reconsideration**

On November 18, 2011 nunc pro tunc November 10, 2011, Plaintiff filed a motion for reconsideration of the Court's October 27, 2011 Order denying his motions for appointment of counsel and for expert witnesses.

The Federal Rules of Civil Procedure do not expressly provide for motions for

reconsideration. Rule 60(b), to which Plaintiff cites, allows a party to seek relief from "a final judgment, order, or proceeding" due to "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence," "fraud," or because "the judgment is void," "the judgment has been satisfied," or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Local Civil Rule 7.1(i), however, does expressly permit motions for reconsideration. Under Rule 7.1(i)(1), a party applying for reconsideration must set forth "what new or different facts or circumstances are claimed to exist which did not exist, or were not shown" upon the prior application. Civ. L.R. 7.1(i)(1).

Here, Plaintiff has shown no "newly discovered evidence" nor has he demonstrated that any "new or different facts or circumstances" warrant reconsideration of the Court's October 27, 2011 Order. Accordingly, Plaintiff's motion for reconsideration is **DENIED**.[1]

## II.     Motion for Summary Judgment

On September 27, 2011 nunc pro tunc September 21, 2011, Plaintiff filed a motion for summary judgment. Doc. No. 126. During a Case Management Conference held on November 1, 2011, Plaintiff advised the Court that he wished to withdraw the motion and would file a notice of withdrawal of the motion without prejudice. See Nov. 1, 2011 Order at 6 [Doc. No. 136]. Instead of filing a notice of withdrawal of the motion, however, Plaintiff filed a renewed motion for summary judgment as well as a notice of intent to file points and authorities in support of his motion. Doc. Nos. 141, 142.

The Court hereby issues the following briefing schedule on Plaintiff's renewed motion for summary judgment:

1.     Plaintiff shall file a memorandum of points and authorities and all documents supporting his motion for summary judgment on or before <u>January 13, 2012</u>.

2.     Defendants shall file an opposition to Plaintiff's summary judgment motion on or before <u>January 27, 2012</u>.

3.     Plaintiff shall file a reply brief on or before <u>February 10, 2012</u>. The motion

---

[1] The Court clarifies for the record that its denial of Plaintiff's motion to appoint expert witnesses (see Doc. No. 134) was without prejudice.

will be deemed submitted as of that date.

### III. Motion for an Order for Adequate Access to an Adequate Law Library and for Copies of Chambers Rules

Plaintiff requests that the Court issue an order directing the California Department of Corrections and Rehabilitation to "provide Plaintiff with adequate access to an adequate law library of at least 3-4 hours per week, of which the law library will include access to updated, relevant case law citations, the ability to obtain reasonable copies, and a paging system." Pl.'s Mot., Doc. No. 144, at 2. The Court previously denied Plaintiff's request for an order granting law library access on November 1, 2010. See Doc. No. 39.

Prison officials are required to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). The right of access to the courts, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. Lewis v. Casey, 518 U.S. 343, 356-57 (1996). The right of access to the courts is only a right to present claims to the court, and not a right to discover claims or to litigate them effectively once filed. Id. at 354.

Here, as before, Plaintiff does not provide any indication that his alleged limited access to the law library has had any actual impact on his ability to adequately access the court or to comply with court deadlines. Accordingly, Plaintiff's request for an order granting "adequate access to an adequate law library" access is **DENIED**. Plaintiff's request for copies of the "Civil Pretrial & Trial Procedures of Judge Dana M. Sabraw" and for "Judge Adler's Chambers Rules," is **GRANTED**. The Clerk of Court shall mail copies of these documents to Plaintiff.

**IT IS SO ORDERED**.

DATED: December 19, 2011

Jan M. Adler
U.S. Magistrate Judge