UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD YOUNG, CDCR #F-44590,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>LARRY SMALLS, et al.,<br><br>　　　　　　　Defendants. | Case No. 09-CV-2545-DMS (JMA)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO QUASH SUBPOENAS AND MOTION FOR APPOINTMENT OF COUNSEL [Doc. No. 157]** |

Presently before the Court are Plaintiff Howard Young's motion to quash subpoenas and motion for appointment of counsel. Doc. No. 157. For the reasons set forth below, Plaintiff's motions are **DENIED**.

**I.      Motion to Quash Subpoenas**

Defendants[1] served two subpoenas on the California Department of Corrections and Rehabilitation ("CDCR") on August 29, 2011, one for Plaintiff's medical records from January 1, 2008 to the present, and one for specified items in Plaintiff's central inmate file. Jeffery Decl., Doc. No. 152-1, at ¶ 3. Plaintiff filed a motion to quash subpoenas in this Court on September 21, 2011. Doc. No. 122. On October 27, 2011, the Court issued an order finding the subpoenas to be defective and unenforceable as

---

[1] T. Ochoa, C. Rigney, W.J. Price, M. Tapia, Middleton, Janda, and California Department of Corrections and Rehabilitation.

they were incorrectly issued out of this Court instead of the United States District Court, Eastern District of California ("Eastern District"), where Plaintiff's records are located. Doc. No. 134.[2]  On October 31, 2011, Defendants served two new subpoenas upon the CDCR out of the Eastern District.  Jeffery Decl., Doc. No. 152-1, at ¶ 6.  On November 9, 2011, Plaintiff served a document entitled "Plaintiff's Motion to Quash and/or Modify Subpoenas" on Defendants.  Id. at ¶ 7.  Although the document was received by the Eastern District on November 28, 2011, it was not filed as Plaintiff erroneously listed the case number from this Court on the caption of the document.  Pl.'s Motion to Quash, Doc. No. 157, at 7-10.  On February 9, 2012 nunc pro tunc February 3, 2012, Plaintiff filed the instant motion to quash subpoenas in this Court.  Doc. No. 157.  Notwithstanding Plaintiff's purported motion to quash, the CDCR produced the subpoenaed documents to Defendants.  Jeffery Decl., Doc. No. 152-1, at ¶ 9.  Defendants' counsel, however, has not yet reviewed them due to Plaintiff's intention to seek to quash the subpoenas.  Id.

      Under Fed. R. Civ. P. 45(c)(3), any motion to quash subpoena must be considered by the court out of which the subpoena was issued.  Plaintiff seeks to quash subpoenas issued by Defendants out of the Eastern District.  Therefore, Plaintiff's motion is **DENIED**.  Plaintiff shall file his motion to quash in the Eastern District by no later than March 26, 2012.  In order to avoid confusion, Plaintiff shall ensure that the case number for *this* case does not appear in the caption of his motion, and shall attach a copy of the subject subpoenas as an exhibit to his motion.  Any reference to *this* case should be in the body of the motion only.  Plaintiff shall serve a copy of the motion on Defendants' counsel.

      If Plaintiff does not file a motion to quash in the Eastern District by the deadline set forth above, then counsel for Defendants shall be permitted to review the documents produced pursuant to the subpoenas.

//

---

[2] Plaintiff's records are located at Kern Valley State Prison in Delano, California, where he is currently incarcerated.

**II.     Motion for Appointment of Counsel**

Plaintiff also seeks the appointment of counsel.  The Court denied previous motions for appointment of counsel on November 1, 2010 and October 27, 2011.  Doc. Nos. 39, 134.  Plaintiff has not demonstrated any change in circumstance that would warrant the appointment of counsel under the standards set forth in the Court's prior orders.  Accordingly, Plaintiff's motion for appointment of counsel is again **DENIED** without prejudice.

**IT IS SO ORDERED**.

DATED:  March 2, 2012

_____
Jan M. Adler
U.S. Magistrate Judge