UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD YOUNG, CDCR #F-44590,<br><br>        Plaintiff,<br><br>v.<br><br>LARRY SMALLS, et al.,<br><br>        Defendants. | Case No. 09-CV-2545-DMS (JMA)<br><br>**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br>**[Doc. No. 141]** |

Plaintiff Howard Young ("Plaintiff"), a state prisoner currently incarcerated at Kern Valley State Prison in Delano, California, proceeding *pro se* and *in forma pauperis*, filed a Fourth Amended Complaint pursuant to 42 U.S.C. § 1983 on September 22, 2010. Doc. No. 31. Currently pending before the Court is a motion for summary judgment filed by Plaintiff. Doc. No. 141. For the following reasons, the Court recommends that Plaintiff's motion for summary judgment be **DENIED** pursuant to Fed. R. Civ. P. 56(d) without prejudice to his refiling the motion after the United States District Court, Eastern District of California ("Eastern District") has ruled on his motion to quash subpoenas and after Defendants[1] have conducted the discovery necessary to justify their opposition to

---

[1] The current defendants in the case are T. Ochoa, C. Rigney, W.J. Price, M. Tapia, Middleton, Janda, and California Department of Corrections and Rehabilitation ("CDCR"). Currently pending before the Court is Plaintiff's motion for leave to file a Fifth Amended Complaint, in which he seeks to add thirteen (13) new defendants to this action. The Court shall address Plaintiff's motion for leave in a separate order.

the motion for summary judgment.

**I.   Background**

On September 27, 2011 nunc pro tunc September 21, 2011, Plaintiff filed a motion for summary judgment. Doc. No. 126. During a Case Management Conference held on November 1, 2011, Plaintiff advised the Court that he wished to withdraw the motion and would file a notice of withdrawal of the motion without prejudice. See Nov. 1, 2011 Order at 6 [Doc. No. 136]. Instead of filing a notice of withdrawal of the motion, however, Plaintiff filed a renewed motion for summary judgment as well as a notice of intent to file points and authorities in support of his motion on November 18 and 28, 2011. Doc. Nos. 141, 142. The Court set a briefing schedule on the renewed motion for summary judgment on December 19, 2011. Doc. No. 145.

On December 19, 2011, Plaintiff filed a memorandum of points and authorities in support of summary judgment. Doc. No. 146. Plaintiff filed exhibits in support of his motion on December 20, 2011 and January 10, 2012. Id. On January 20, 2012, Defendants filed an ex parte application for an extension of time to file an opposition to Plaintiff's motion for summary judgment on the basis that Defendants had been "effectively blocked from conducting any meaningful discovery in the case" due to Plaintiff's motion to quash subpoenas issued by Defendants for Plaintiff's prison medical records and central file. Defs.' Ex Parte Appl., Doc. No. 152 at 2.[2] On January 25,

---

[2] Defendants served two subpoenas on the CDCR on August 29, 2011, one for Plaintiff's medical records from January 1, 2008 to the present, and one for specified items in Plaintiff's central inmate file. Jeffery Decl., Doc. No. 152-1, at ¶ 3. Plaintiff filed a motion to quash subpoenas in this Court on September 21, 2011. Doc. No. 122. On October 27, 2011, this Court issued an order finding the subpoenas to be defective and unenforceable as they were incorrectly issued out of this Court instead of the Eastern District, where Plaintiff's records are located. Doc. No. 134. On October 31, 2011, Defendants served two new subpoenas out of the Eastern District. Jeffery Decl., Doc. No. 152-1, at ¶ 6. On November 9, 2011, Plaintiff served a document entitled "Plaintiff's Motion to Quash and/or Modify Subpoenas" on Defendants. Id. at ¶ 7. Although the document was received by the Eastern District on November 28, 2011, it was not filed as Plaintiff erroneously listed the case number from this Court on the caption of the document. Pl.'s Motion to Quash, Doc. No. 157 at 7-10. On February 9, 2012 nunc pro tunc February 3, 2012, Plaintiff filed a motion to quash subpoenas in this Court. On March 2, 2012, the Court denied Plaintiff's motion to quash, and directed him to refile it in the Eastern District by March 26, 2012. Doc. No. 159. Although the CDCR produced the requested documents to Defendants, notwithstanding the purported motion to quash, Defendants' counsel has not yet reviewed them due to Plaintiff's intention to seek to quash the subpoenas. Jeffery Decl., Doc. No. 152-1, at ¶ 9.

2012, the Court denied Defendants' application and advised, "If Defendants contend that they cannot present facts essential to justify their opposition to Plaintiff's motion due to their inability to access Plaintiff's prison records, their proper recourse is to file an affidavit or declaration pursuant to Fed. R. Civ. P. 56(d)." Doc. No. 153.

On January 27, 2012, Janine K. Jeffery, counsel for Defendants, filed a declaration pursuant to Fed. R. Civ. P. 56(d), in which she attested:

> Plaintiff has objected to the subpoenas defendants issued for his prison and medical records. This has also effectively prevented defendants from deposing plaintiff, as a meaningful deposition cannot be conducted without the benefit of plaintiff's prison records. I believe that plaintiff's prison records likely contain the majority of the relevant documents in this case, and defendants cannot meaningfully respond to the motion for summary judgment without having analyzed them and without having deposed the plaintiff.

Jeffery Decl., Doc. No. 155, ¶ 3.

## II. Conclusion and Recommendation

The Court finds that Defendants cannot present facts essential to justify their opposition to Plaintiff's motion for summary judgment without being given the opportunity to obtain the discovery specified above. See Fed. R. Civ. P. 56(d). Therefore, the Court recommends that Plaintiff's motion for summary judgment be **DENIED** pursuant to Fed. R. Civ. P. 56(d) without prejudice to his refiling the motion after the Eastern District has ruled on his motion to quash subpoenas and after Defendants have conducted the discovery necessary to justify their opposition to the motion for summary judgment.

This Report and Recommendation is submitted to the Honorable Dana M. Sabraw, United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). **IT IS ORDERED** that not later than **March 26, 2012**, any party may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation." **IT IS FURTHER ORDERED** that any reply to the objections shall be served and filed not later than **April 6, 2012**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's

order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 2, 2012

_____
Jan M. Adler
U.S. Magistrate Judge