UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD YOUNG, CDCR #F-44590,<br><br>          Plaintiff,<br><br>v.<br><br>LARRY SMALLS, et al.,<br><br>          Defendants. | Case No. 09-CV-2545-DMS (JMA)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIFTH AMENDED COMPLAINT [Doc. No. 149]** |

Presently before the Court is Plaintiff Howard Young's motion to join parties as defendants, construed by the Court as a motion for leave to file a Fifth Amended Complaint. Doc. No. 149. Defendants[1] filed an opposition on January 27, 2012. Doc. No. 154. Plaintiff filed a reply dated February 5, 2012 that was not received by the Court until March 1, 2012. Doc. No. 158.[2] For the reasons set forth below, Plaintiff's motion is **DENIED**.

**I.     Background**

Plaintiff initiated this action by filing a Complaint on November 10, 2009 which alleged an access to courts claim, housing and classification claims, and a claim

---

[1] T. Ochoa, C. Rigney, W.J. Price, M. Tapia, Middleton, Janda, and California Department of Corrections and Rehabilitation.

[2] Plaintiff's reply was due on February 10, 2012. Doc. No. 151.

concerning a disciplinary conviction and loss of "good time" credits. Doc. Nos. 1, 11. On January 19, 2010, the Court dismissed the complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A(b), and granted Plaintiff leave to file an amended complaint. Doc. No. 11. The Court cautioned Plaintiff, "Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived." Id. at 12 (citation omitted). Plaintiff filed a First Amended Complaint that same day. Doc. No. 12. On January 27, 2010, the Court dismissed the First Amended Complaint because Plaintiff could not have received the Court's January 19, 2010 Order in time to correct the problems the Court identified in his previous pleading. Doc. No. 13. Plaintiff filed a Second Amended Complaint on April 5, 2010, alleging Fourteenth Amendment due process claims relating to his placement in Administrative Segregation ("Ad-Seg"), property claims, and restitution account claims. Doc. Nos. 21, 22. The Court dismissed the Second Amended Complaint on April 15, 2010 for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A(b), but again granted Plaintiff leave to file an amended complaint. Doc. No. 22. The Court again explained that defendants not named and all claims not re-alleged in an amended complaint would be deemed to be waived. Id. at 6. On June 24, 2010, Plaintiff filed a Third Amended Complaint alleging claims under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") relating to his diet, a Fourteenth Amendment restitution claim, a claim under the Eighth Amendment relating to outdoor exercise and inadequate medical care, retaliation claims, and property claims. Doc. Nos. 28, 29. The Court dismissed the Third Amended Complaint on July 19, 2010 for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A(b), but granted Plaintiff one final opportunity to file an amended complaint. Doc. No. 29 at 9-10. The Court reiterated that defendants not named and claims not re-alleged in the amended complaint would be deemed to have been waived. Id.

Plaintiff filed the operative pleading, the Fourth Amended Complaint, on September 22, 2010. Doc. No. 31. On September 30, 2010, the Court issued an order dismissing Plaintiff's restitution and personal property claims, which had previously been

dismissed on July 19, 2010 without leave to amend, and dismissing Plaintiff's claims for monetary damages against the California Department of Corrections and Rehabilitation and Calipatria State Prison. Doc. No. 32 at 3-4. The Court also dismissed Defendants Lopez, Madden, Sutton, Criman, Bellinger, Badilla, Drake, Mudra, Shields, John Does and Magill as they were no longer named as defendants in the Fourth Amended Complaint. Id. at 2. The Court found that the remainder of the claims alleged in the Fourth Amended Complaint were sufficiently pleaded to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and directed the U.S. Marshal to effect service. Id. at 4-5.[3]

Following a ruling by the Court on Defendants' motion to dismiss [Doc. No. 116] and the filing of answers by Defendants, the Court convened a Case Management Conference and issued a Scheduling Order on November 1, 2011. Doc. Nos. 135, 136.

## II.     Discussion

It is generally the court's policy to permit amendment with "extreme liberality." Chodos v. West Publishing Co., 292 F.3d 992, 1003 (9th Cir. 2002). When a court has already granted a plaintiff leave to amend, however, its discretion in deciding subsequent motions to amend is "particularly broad." Id. (citing Griggs Pace Am. Group, Inc., 170 F.3d 877, 879 (9th Cir. 1999)). When considering a motion for leave to amend, the court must consider factors such as whether the proposed amendment is made in bad faith, results from undue delay, will cause prejudice to the opposing party and is futile, and whether the plaintiff previously amended his complaint. Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996) (citing Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)).

Plaintiff presently seeks leave to add thirteen (13) new defendants to this action:

---

[3] The surviving claims in the Fourth Amended Complaint include claims under the First, Eighth, and Fourteenth Amendments and RLUIPA for Ad-Seg violations, claims under the Eighth and Fourteenth Amendments for unsanitary conditions while in Ad-Seg which led to an infection, and First and Fourteenth Amendment claims related to his diet. On August 22, 2011, the Court issued an order granting in part and denying in part a motion to dismiss filed by Defendants, which, *inter alia*, dismissed Plaintiff's Fourteenth Amendment due process and equal protection claims. Doc. No. 116.

H.L. Drake, R. Madden, R. Fernandez, P. Alaniz, J. Magner, J. Criman, J. Bellinger, A. Cebreros, R. Delgado, R. Nelson, N. Mejia, J. Mudra, and F. Lopez.  Plaintiff asserts that each of these individuals played a role in the alleged unconstitutional conditions encountered by Plaintiff during his placement in Ad-Seg.  Pl.'s Mot. at 1-3.  There is no evidence that Plaintiff's proposed amendment is made in bad faith.  However, Plaintiff has unduly delayed seeking to name these defendants, as each of them was known to him at the time he alleged his Ad-Seg claims for the first time in his Second Amended Complaint on April 5, 2010, as evidenced by the documentation relied upon by Plaintiff to support his motion.  See Pl.'s Mot., Ex. A & Pl.'s Mem. in Support of MSJ, Ex. C [Doc. No. 146-2].  Drake is referenced on documentation dated May 14, 2009 (see Doc. No. 146-2 at 18); Madden on July 2, 2009, August 13, 2009, October 14, 2009, and January 14, 2010 (see Doc. No. 146-2 at 19-21 & 23; Doc. No. 169 at 5-6); Fernandez on July 2, 2009 (see Doc. No. 146-2 at 19); Alaniz on July 2, 2009 (see Doc. No. 146-2 at 19); Magner on July 2, 2009 and January 14, 2010 (see Doc. No. 146-2 at 19, 21); Criman on August 13, 2009 (see Doc. No. 146-2 at 20); Bellinger on August 13, 2009 (see Doc. No. 146-2 at 20); Cebreros on October 22, 2009 and January 14, 2010 (see Doc. No. 146-2 at 21, 23); Delgado on October 22, 2009 (see Doc. No. 146-2 at 23); Nelson on January 14, 2009 (see Doc. No. 146-2 at 21); Mejia on August 13, 2009 (see Doc. No. 149 at 8); Mudra on October 14, 2009 (see Doc. No. 149 at 5-6); and Lopez on May 14, 2009 (see Doc. No. 149 at 7).  Indeed, Plaintiff relied on many of these documents, and thus many of these defendants were known to him, at the time he filed his original Complaint.  See Doc. No. 149 at 5-7 & Doc. No. 146-2 at 18-20 (all bearing stamps affixed by the Court's electronic case filing system reflecting that they were filed with Plaintiff's original complaint on November 10, 2009).  In addition, six (6) of the thirteen defendants that Plaintiff now wishes to add were previously dismissed by the Court: Lopez, Madden, Criman, Bellinger, Drake, and Mudra.  See Doc. No. 32 at 2, 5.

Plaintiff has already amended his complaint four times and has provided no explanation for his undue delay in seeking to add these new defendants despite having documents in his possession identifying these individuals since the early stages of this

case. Plaintiff was previously given "one final opportunity" to amend his complaint. See July 19, 2010 Order, Doc. No. 29 at 9-10. He has provided no argument or authority that his proposed amendments would not be futile. And, as argued by Defendants, it would be inherently prejudicial to bring thirteen new defendants into this action over two years after the original complaint was filed, particularly in view of the current discovery cutoff of May 4, 2012, and resolution of the case would be delayed by the need to locate and serve the new defendants, and by another probable round of motions to dismiss.

For all of the foregoing reasons, Plaintiff's motion for leave to file a fifth amended complaint is **DENIED**.

**IT IS SO ORDERED**.

DATED: March 15, 2012

_____
Jan M. Adler
U.S. Magistrate Judge